# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

MARCUS ELDERKIN,

           Plaintiff,

 vs.                   9:14-CV-927
                           (DNH/ATB)

IAN CONNOR, et al.,

           Defendants.

---

MARCUS ELDERKIN, Plaintiff pro se
JAMES A. RESILA, ESQ. for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable David N. Hurd United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that on July 9, 2014, when he was in custody at the Rennselaer County Jail, defendants used excessive force against him when he refused to submit to a strip search and then denied him proper medical care. (Complaint "Compl.") (Dkt. No. 1). Plaintiff seeks unspecified "financial compensation." (Compl. ¶ 8). Presently before the court is defendants' motion to dismiss for lack of prosecution and for discovery sanctions pursuant to Fed. R. Civ. P. 37, 41(b) and Local Rule 41.2. (Dkt. No. 18). Plaintiff has not responded to the motion. For the following reasons, this court agrees with the defendants and will recommend dismissal of the complaint.

## DISCUSSION

I.  **<u>Procedural Background</u>**

Plaintiff filed this action on July 25, 2014. (Dkt. No. 1). On August 20, 2014, the court granted in forma pauperis ("IFP") status and ordered service of the complaint on defendants. (Dkt. No. 4). Defendants filed an answer on September 24, 2014. (Dkt. No. 11). This court issued its Mandatory Pretrial Discovery and Scheduling Order ("MPO") on September 24, 2014. (Dkt. No. 13). The MPO set the deadlines for, inter alia, amendment of pleadings, discovery, and dispositive motions. (*Id.* at 5-6) The MPO is very clear regarding the type of discovery that is required to be produced by both parties based on the claims in the action. (*Id.* at 7-8; Attachment A). The MPO also contains an order, granting leave to take plaintiff's deposition. (*Id.* at 4-5).

On October 14, 2014, plaintiff filed a change of address. (Dkt. No. 14). On December 19, 2014, defense counsel filed a letter-motion, requesting a telephone conference to discuss plaintiff's failure to provide discovery and his failure appear for his deposition. (Dkt. No. 15). In defense counsel's letter-motion, he stated that he had received plaintiff's October 14th change of address. (*Id.*) Counsel stated that, pursuant to the MPO, he produced defendants' mandatory disclosures on October 16, 2004. (Dkt. No. 15-1) On October 21, 2014, defense counsel served a Notice to take Deposition on plaintiff at his updated address. (Dkt. No. 15-2). The deposition was scheduled for December 12, 2014. (*Id.*) Counsel requested that, in the interim, plaintiff forward the court-ordered discovery as stated in the MPO to defense counsel. (*Id.* at p.1).

Plaintiff never produced the requested/required discovery, and on December 9, 2014, defense counsel wrote a letter to plaintiff, requesting that he contact counsel's office on Thursday December 11, 2014 to confirm his attendance at the deposition. (*Id.*

2

Def.s' Ex. 3). The letter stated that "[s]hould you fail to appear for the deposition, we will assume you are no longer interested in pursing [sic] this action." (*Id.*) Plaintiff never responded to defense counsel's letter, and failed to appear for the December 12, 2014 deposition. (Dkt. No. 15 at 2). A copy of defense counsel's December 19th letter-motion was served on plaintiff at his last-known address. (*Id.*)

On December 22, 2014, this court issued a TEXT ORDER, based upon defense counsel's letter-motion. (Dkt. No. 16). Plaintiff was ordered to notify the court, in writing, by January 16, 2015, of his current contact information, including a working telephone number, so that the court and defense counsel could communicate with him. (*Id.*) Plaintiff was warned that his failure to provide the information "may result in the imposition of sanctions, including the possible dismissal of plaintiff's action." (*Id.*) Plaintiff failed to respond to the court's order. On January 30, 2015, the court issued another order, stating that plaintiff had failed to provide his current contact information pursuant to the court's December 22, 2014 Order. (Dkt. No. 17). The court granted defense counsel leave to file a motion for dismissal. (*Id.*) Defendants filed their motion on January 30, 2015. A response to the motion was due on by February 17, 2015. (TEXT NOTICE dated Jan. 30, 2015). The notice was served on plaintiff by regular mail. (*Id.*) Plaintiff has failed to respond.

## II. Motion to Dismiss

### A. Legal Standards

#### 1. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional*

*Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) (emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

### 2. Discovery Sanctions

In addition to a dismissal under Rule 41, Rule 37(d) of the Federal Rules of Civil

Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v) which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

### B. Application

Plaintiff has ignored defendants' notice of deposition and has failed to update his contact information with both the court and defense counsel. The first order issued in this action by the court warned plaintiff that his failure to "promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change of address" could result in the dismissal of this action. (Dkt. No. 4). Plaintiff was well-aware of this requirement because he filed a change of address when he was released from incarceration in October of 2014. (Dkt. No. 14). Thus, plaintiff's failure to update his address may be considered willful. Assuming he received the court's December 22, 2014 Order, plaintiff has also ignored a court order to update his contact information.[1]

---

[1] Of course, plaintiff may never have received the court's order if he failed to update his address. However, it does not appear that the court's order was returned "undeliverable." Thus,

(Dkt. No. 16).

Plaintiff has clearly abandoned this action. Plaintiff's failure to update his contact information makes it impossible for this case to proceed. Without an updated address, neither the court, nor defense counsel will be able to communicate with the plaintiff, even to determine whether he is still interested in proceeding with the action. It would be impossible to conduct discovery. The delay would clearly be indefinite, and the defendants would be seriously prejudiced by the passage of time. There is no indication that plaintiff would ever decide to communicate with the court, and notwithstanding his pro se status, the case cannot proceed in view of plaintiff's failure to communicate with the court and defense counsel. The court has considered lesser sanctions, but under the circumstances, the court has no alternative but to recommend dismissal for failure to prosecute, including failure to provide updated contact information, and as a discovery sanction for failure to attend his deposition on a properly noticed date.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss for failure to prosecute and as a discovery sanction (Dkt. No. 18) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS**

---

plaintiff may simply have ignored the court's order. Either way, it is plaintiff's fault that the court and defense counsel cannot contact him. Thus, the court's recommendation would be the same whether or not he received the court's December 22, 2014 order.

**WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 11, 2015

                                                                                         _____
                                                                                         Hon. Andrew T. Baxter
                                                                                         U.S. Magistrate Judge